Filed 8/21/20  P. v. Contreras CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOE DANIEL CONTRERAS,<br><br>    Defendant and Appellant. | E074711<br><br>(Super.Ct.No. CR27580) |

APPEAL from the Superior Court of Riverside County. John D. Molloy, Judge. Dismissed.

Siri Shetty, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

**MEMORANDUM OPINION**

On June 24, 1988, a jury convicted Joe Daniel Contreras of two counts of first degree murder and one count of attempted murder. On direct appeal, Division One

1

reduced one of the convictions for first degree murder to second degree murder and reduced the attempted murder conviction to assault with a deadly weapon. (*People v. Contreras* (Oct. 26, 1990, D012072 [nonpub. opn.].).)

In July 2019, Contreras filed a petition for resentencing under recently enacted Penal Code section 1170.95. The trial court dismissed the petition, and Contreras appealed.

On Contreras's request, we appointed counsel to represent him on appeal. Counsel filed a brief declaring she found no arguably meritorious issues to appeal and asking us to conduct an independent review of the record under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738.

*Wende* review applies only when a defendant has a constitutional right to counsel, which extends only to the first appeal of right. (*People v. Kelly* (2006) 40 Cal.4th 106, 119; *In re Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 536-537, 544.) Contreras appeals from a collateral postconviction order, so he is not entitled to *Wende* review, and we decline to exercise our discretion to conduct an independent review of the record in this case. (*People v. Kelly*, at p. 119.)

However, we offered Contreras the opportunity to file a personal supplemental brief raising issues for our review. (See *People v. Serrano* (2012) 211 Cal.App.4th 496, 503.) He declined to do so, and we therefore dismiss his appeal as abandoned.

2

**DISPOSITION**

We dismiss the appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

SLOUGH _____
J.

I concur:


MENETREZ _____
J.

3

[*People v. Contreras*, E074711]

I respectfully dissent.

The majority concludes that "*Wende* review applies only when a defendant has a constitutional right to counsel, which extends only to the first appeal of right." (Maj. opn. *ante*, at p. 2.)   However, as the court in *People v. Cole* (Aug. 3, 2020, B304329) ___ Cal.App.5th ___ [2020 Cal.App. Lexis 717] recently noted, Courts of Appeal have "inherent supervisory powers to prescribe the procedures to be followed . . . when appellate counsel determines that the appeal from the denial of postconviction relief lacks any reasonably arguable issues." (*Id*. at p. *12.)

Pursuant to that supervisory authority, I would elect to conduct a traditional *Wende*[1] review in criminal appeals from the denial or dismissal of postconviction avenues of relief.  Such a procedure provides defendants an added layer of due process while consuming comparatively little judicial resources.  Thus, after independently reviewing the record for potential error and finding no arguable issues, I would affirm the order dismissing defendant's Penal Code section 1170.95 petition.

McKINSTER
Acting P. J.

---

[1]  *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

1